Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/18/2020 09:08 AM CDT

- 289 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. WORTHMAN
Cite as 306 Neb. 289

State of Nebraska ex rel. Counsel for
Discipline of the Nebraska Supreme Court,
relator, v. Jon P. Worthman,
respondent.

___ N.W.2d ___

Filed June 26, 2020.     No. S-20-422.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Jon P. Worthman, on June 12, 2020. The court accepts respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 22, 1994. On June 12, 2020, respondent filed a voluntary surrender of license to practice law, in which he stated that on January 7, 2020, he was arrested in Scotts Bluff County, Nebraska, for being in possession of cocaine. Respondent was ultimately charged with "possession of a controlled substance with intent to distribute, to wit; Cocaine, not less than 10 grams but not more than 28 grams," in violation of Neb. Rev. Stat. § 28-416(7)(c) (Cum. Supp.

- 290 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
306 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. WORTHMAN
Cite as 306 Neb. 289

2018), a Class ID felony. Respondent stated that he freely and voluntarily surrenders his privilege to practice law in the State of Nebraska; waives his right to notice, appearance, or hearing prior to the entry of an order of disbarment; and consents to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not dispute the allegations that he has been charged with a criminal offense. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration, the court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is

- 291 -

Nebraska Supreme Court Advance Sheets
306 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. WORTHMAN
Cite as 306 Neb. 289

directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of disbarment.